# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL NAVARETTE,<br><br>    Plaintiff,<br><br>vs.<br><br>ERIC HOLDER, Attorney General of the United States, DONALD RIDING, Field Office Director, Fresno Office, U.S. Citizenship and Immigration Services,<br><br>    Defendants.<br>_____/ | CASE NO. CV-F-09-1255 LJO GSA<br><br>**ORDER ON PLAINTIFF'S MOTION TO DISMISS (Doc. 18) and DISCHARGE OF ORDER TO SHOW CAUSE** |

### INTRODUCTION

Plaintiff Gabriel Navarette ("Mr. Navarette") moved to dismiss this action on April 27, 2010. Because defendants Eric Holder, Attorney General of the United States, and Donald Riding, Field Office Director, Fresno Office, United States Citizenship and Immigration Services (collectively "USCIS") filed an answer to Mr. Navarette's complaint, Mr. Navarette may only dismiss this case by order of this Court, pursuant to Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."). Before considering the motion to dismiss, this Court must address an outstanding show cause order issued against Mr. Navarette's counsel. Having considered Mr. Navarette's response to the show cause order, and Mr. Navarette's unopposed motion to dismiss, this Court DISCHARGES the show cause order and DISMISSES this action.

# BACKGROUND

Mr. Navarette initiated this action against USCIS to challenge the denial of his naturalization application. The parties filed cross-motions for summary judgment on the sole issue presented: Whether Mr. Navarette has good moral character to approve his naturalization application, considering his criminal convictions and probation status. Because the issue of good moral character is a question of fact, this Court denied the parties' summary judgment motions. Order on Cross-Motions for Summary Judgment and Order to Show Cause (April 20, 2010) (Doc. 16) ("OSC"). In addition, the Court ordered Mr. Navarette's counsel to show cause why the conduct identified in the order did not constitute Fed. R. Civ. P. 11 violations. *Id*.

Mr. Navarette's counsel responded to this Court's show cause order on April 27, 2010. On April 28, 2010 Mr. Navarette moved to dismiss the action. USCIS indicated that it does not oppose the request. Having considered the documents and the record, this Court issues the following order.

# DISCUSSION

## Fed. R. Civ. P. 11 Order to Show Cause

Fed. R. Civ. P. 11(b) requires an attorney to certify that:

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument by extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunities for further investigation or discovery.

Pursuant to Fed. R. Civ. P. 11(c)(3), this Court ordered Mr. Navarette's attorney to show cause in writing why the conduct described had not violated Fed. R. Civ. P. 11(b). Under Fed. R. Civ. P. 11, the Court views an attorney's conduct under an objective standard of reasonableness under the circumstances. *Jenkins v. Methodist Hosp. of Dallas*, 478 F.3d 255 (5th Cir. 2007).

In its OSC, this Court observed: "Mr. Navarette's counsel appears to have violated Fed. R. Civ. P. 11(b)(2) and 11(b)(3), in a number of ways[.]" *Id*. at 7. The Court expressed its position that "Mr.

Navarette's petition, motion, and response ¹ repeatedly misrepresent the law and facts in this action." *Id*. Each document was signed by Mr. Navarette's attorney of record. The Court pointed out that although undisputed facts establish that Mr. Navarette was convicted of two DUIs, Mr. Navarette consistently and repeatedly argues that Mr. Navarette was convicted of only one DUI. The Court further expressed that the "misrepresentation of the facts leads Mr. Navarette's counsel to misrepresent the law." *Id*. at 8.

In his response, Mr. Navarette's counsel "concedes some less than pellucid pleading in terms of the prior DUI" but "state[s] with a moral certainty that [he] had no conscious, subjective intent to mislead the Court or the Government." He further argues that the law presented by this Court is distinguishable from the instant facts. Mr. Navarette's counsel expresses that he is "mortified beyond measure" that the Court understood his argument to misrepresent the fact and the law and "apologize[s] for burdening this court with the added time and administration of this Rule 11 OSC."

Mr. Navarette's counsel's attempt to explain why he chose to frame the question presented and argue without regard to the entire criminal history demonstrates his inability or unwillingness to grasp this Court's standard, the reasoning and ruling of the prior USCIS decision, and the applicable law. Mr. Navarette's counsel points out that he stipulated to the undisputed facts, including the prior criminal history. Based on the undisputed evidence, the factual assertions in multiple documents had no evidentiary basis and were contradicted by evidence agreed upon by Mr. Naverrete's counsel. Mr. Navarette also agreed to the undisputed facts based on the prior stipulations. Because Mr. Navarette both made factual assertions without an evidentiary basis, and agreed to facts supported by evidence, this Court declines to exercise its discretion to impose sanctions on Mr. Navarette's counsel. The Court ADMONISHES Mr. Navarette's counsel to either present "pellucid" memoranda in this Court or face future sanctions for Fed. R. Civ. P. 11 violations.

**Motion to Dismiss**

Mr. Navarette moves to dismiss this action. The purpose of the Fed. R. Civ. P. 41(a)(2)

---

¹Mr. Navarette's petition, motion and reply are all nearly identical to his appeal to USCIS. Thus, the same legal memorandum has been recycled and filed on behalf of Mr. Navarette four times without concern for the changing law, procedure, or standard of review in each instance.

3

1 voluntary dismissal rule is to permit the plaintiff to dismiss without prejudice so long as the defendant
2 will not be prejudiced. *Stevedoring Servs. of America v. Armilla Intern'l B.V.*, 889 F.2d 919 (9th Cir.
3 1989). Accordingly, a district court should grant a motion for voluntary dismissal under Fed. R. Civ.
4 P. 41(a)(2) unless the defendant can show that it will suffer some "plain legal prejudice" as a result of
5 the dismissal. *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001). Generally, a Fed. R. Civ. P. 41(a)(2)
6 dismissal is without prejudice, as stated explicitly in that rule. *Id*. Because there is no evidence that a
7 dismissal will cause "legal prejudice," this Court grants Mr. Navarette's motion to dismiss.

## CONCLUSION

For the foregoing reasons, this Court:

1. DISCHARGES the show cause order; and
2. DISMISSES without prejudice this action;
3. VACATES all pending dates, including the May 5, 2010 status conference, August 9, 2010 pretrial conference, and September 23, 2010 court trial; and
4. DIRECTS the clerk to close this action.

IT IS SO ORDERED.

**Dated:   April 29, 2010**              /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE